**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kelly Erickson, | No. CV-16-00513-TUC-JGZ |
|     Petitioner, | **ORDER** |
| v. | |
| JT Startle, | |
|     Respondent. | |

Pending before the Court is Magistrate Judge Lynnette C. Kimmins's Report recommending that the Court dismiss Petitioner Kelly Erickson's Petition for Writ of Habeas Corpus for lack of jurisdiction. (Doc. 26.) The Magistrate Judge concluded that this Court lacks jurisdiction over Erickson's claims because the military courts fully and fairly considered his claims, which are constitutionally-based. (Doc. 26.) Petitioner filed an objection to the Report, asserting the Magistrate Judge erred because: (1) Supreme Court precedent holds that habeas corpus relief is available if the military court exceeds its jurisdiction; and (2) jurisdiction exists in this Court to review court martial convictions for constitutional error. (Doc. 29.) The government filed a response to the objection. (Doc. 32.)

Upon independent consideration of the record and review of the applicable law, this Court will overrule the objections to the recommendation and dismiss the Petition. The Court concludes that it lacks jurisdiction to review Erickson's constitutional claims of

ineffective assistance of counsel and double jeopardy. The Court further concludes that it has jurisdiction to review Erickson's claim that the court-martial lacked jurisdiction, but that the claim is without merit.

## STANDARD OF REVIEW

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "[T]he district judge must review the magistrate judge's finding and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). *See also* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72; *Reyna-Tapia*, 328 F.3d at 1121; *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003).

## DISCUSSION[1]

With the exception of the Supreme Court's limited certiorari jurisdiction, Article III courts lack the authority to review directly court-martial determinations. *Davis v. Marsh*, 876 F.2d 1446, 1448 (9th Cir. 1989) (citing *Schlesinger v. Councilman*, 420 U.S. 738, 746 (1975)). Questions relating to a court-martial's jurisdiction, however, are always open to collateral attack. *Givens v. Zerbst*, 255 U.S. 11, 19 (1921). Previously, habeas review of court-martial proceedings was limited to the single inquiry of jurisdiction. *See Hiatt v. Brown*, 339 U.S. 103, 111 (1950) (citing *United States v. Grimley*, 137 U.S. 147, 150 (1890)). However, the Supreme Court extended such review in *Burns v. Wilson*, 346 U.S. 137, 142 (1953), to include constitutional claims that the military courts had not considered "fully and fairly."[2] Thus, if a military court manifestly refuses to consider constitutional claims, the federal district court also has power to review the claims *de novo*. *Id.* A

---

[1] The factual and procedural history of this case is set forth in the Magistrate Judge's Report and Recommendation. (Doc. 26.) No objections have been filed to the Report's statement of this history.

[2] The *Burns* decision did not change the scope of review for issues of jurisdiction, which are still reviewable regardless of whether the military courts gave full and fair consideration. *See Fricke v. Secretary of Navy*, 509 F.3d 1287, 1289–90 (10th Cir. 2007).

petitioner is responsible for presenting the military courts a fair opportunity to address his claims in the first instance. If a petitioner fails to raise an issue within the military courts, that issue is deemed waived absent a showing of cause and prejudice. *Davis*, 876 F.2d at 1448.

### Claim 1: Lack of Jurisdiction of the Military Court

Erickson objects to the Magistrate Judge's conclusion that the Court cannot review his claim that the military court lacked jurisdiction to try him. This Court agrees with Erickson that it has the power to evaluate a challenge to the jurisdiction of the military court. As stated above, questions relating to a court-martial's jurisdiction are always open to collateral attack. *Givens*, 255 U.S. at 19. The Court, however, finds that the claim is without merit.

Erickson asserts that the Air Force court-martial lacked jurisdiction to prosecute him because the offenses at issue were committed during the time that he was enlisted in the Army. He contends that when he left the Army and joined the Air Force, the court-martial lost jurisdiction to try him. Erickson cites *United States ex rel. Hirshberg v. Cooke*, 336 U.S. 210 (1949) in support. In *Hirshberg*, the Supreme Court held that there was no statutory authority giving jurisdiction to a Navy court-martial to try an enlisted servicemember for an offense committed during the servicemember's earlier Navy enlistment from which he had been honorably discharged—even though he had reenlisted in the Navy the day after being discharged and was serving under the reenlistment at the time the jurisdiction of the military court was asserted. *Id.* at 217-218.

The *Hirshberg* Court's conclusion was based on its examination of the language in Article 8 (Second) of the Articles for the Government of the Navy, 34 U.S.C. § 1200, art. 8, subd. 2, as that statute existed in 1947, when the servicemember was charged. *Id.* at 213-217. At that time, the statute provided for limited court-martial jurisdiction and read, in relevant part, that "such punishment as a court-martial may adjudge may be inflicted on any person in the Navy," which the Supreme Court read to allow court-martial jurisdiction only over persons currently in the Navy who had committed wrongful acts during the

current enlistment. *Id.* at 212–13. The Supreme Court reasoned: "we cannot construe [the statute] as permitting the Navy to extend its court[-]martial jurisdiction beyond the limits Congress had fixed." *Id.* at 218.

In 1992, Congress[3] amended the court-martial statute. 10 U.S.C. § 803. The amendment specifically addresses the jurisdictional limitation found in *Hirshberg*, and re-fixes the limits of court-martial jurisdiction to include court-martial jurisdiction for actions committed during a prior military enlistment if that person is reenlisted at the time the court-martial exerts its jurisdictional power. *Id; see Willenbring v. Neurauter*, 48 M.J. 152 (C.A.A.F. 1998) (discussing Congress's displeasure with *Hirshberg*), *overruled on other grounds by United States v. Mangahas*, 77 M.J. 220 (C.A.A.F. 2018). As amended, the relevant statutory language, which governs the court-martial in this case, provides:

> **(a)** Subject to section 843 of this title (article 43),[4] a person who is in a status in which the person is subject to this chapter and who committed an offense against this chapter while formerly in a status in which the person was subject to this chapter is not relieved from amenability to the jurisdiction of this chapter for that offense by reason of a termination of that person's former status.

10 U.S.C. § 803. In light of this amendment, *Hirshberg* does not control. Moreover, it is clear from the amendment that the Air Force had jurisdiction to court-martial Erickson, a member of the Air Force, for offenses arising during his prior enlistment with the Army.

---

[3] The U.S. Constitution empowers Congress to "make Rules for the Government and Regulation of the land and naval Forces." U.S. Const. art. I, § 8, cl. 14. The U.S. Supreme Court has construed this power as providing Congress with the ability of creating court-martial jurisdiction. *Kinsella v. United States ex rel. Singleton*, 361 U.S. 234, 237 (1960). The power is limited, however, to members of the military. Congress has no power to subject civilians without military ties to court-martial. *United States ex rel. Toth v. Quarles*, 350 U.S. 11, 13, 23 (1955) (concluding court-martial lacked jurisdiction to try servicemember five months after his honorable discharge despite the fact that the alleged offenses occurred during his service time). Section 803 does not attempt to assert court-martial jurisdiction over civilians, but rather military members who are charged with crimes occurring during a previous enlistment.

[4] Section 843 sets forth the applicable statute of limitations for various offenses. A child abuse offense is triable by court-martial if the sworn charges and specifications are received during the life of the child or within ten years after the date on which the offense was committed, whichever provides a longer period. 10 U.S.C. § 843(2)(A). The limitations period for obstruction of justice is 5 years. 10 U.S.C. § 843(b)(1).

**Claim 2: Ineffective Assistance of Counsel**

The Magistrate Judge concluded that the Court lacks jurisdiction to review Erickson's claim that counsel was ineffective in advising him regarding a plea deal because the military court gave full and fair consideration to the claim. Erickson objects to this conclusion, arguing that federal civil courts are not prohibited from reviewing court-martials for constitutional error, even when the military courts have fully and fairly considered those same issues. Erickson is incorrect. *Burns* makes clear that "when a military decision has dealt fully and fairly with an allegation raised" by a petitioner, the federal civil court's review is restricted. *Burns*, 346 U.S. at 142. Here, the Air Force Court of Criminal Appeals affirmed the court-martial's findings of guilt and rejected Erickson's ineffective assistance of counsel claim. Additionally, the Court of Appeals for the Armed Forces denied his appeal on the issue, and the United States Supreme Court denied his petition for writ of certiorari. Because the military courts fully and fairly considered Erickson's ineffective-assistance-of-counsel claim, this Court is without jurisdiction.

**Claim 3: Double Jeopardy**[5]

The Magistrate Judge concluded that Erickson waived his double-jeopardy claim by failing to raise the claim before the military courts. The Magistrate Judge noted that Erickson did not argue that his waiver should be excused based on a showing of cause for his failure and evidence of prejudice. (Doc. 26, p. 5.) In his Objection, Erickson acknowledges that he failed to raise the issue in the military courts, but argues he can show cause and prejudice for his failure. Erickson asserts that cause is attributable to ineffective assistance of counsel, a claim he raises for the first time, and that prejudice is demonstrated by the fact that he was convicted of conduct for which he was previously acquitted. (Doc.

---

[5] Erickson claims that he was tried twice, once in an Army court-martial, where he was acquitted, and a second time in the air force "based on the same facts." (Doc. 1-2, p. 36; *see also id.* at p. 37 (claiming that "the same facts and circumstances [were used against Erickson] under the guise of a purportedly different charge.")) In the Army court-martial, Erickson was acquitted of indecent acts and liberties with his daughter's ten-year-old friend. In the instant court-martial Erickson was convicted of sexual acts relating to his daughter. He was also acquitted of a subordination of perjury charge related to the first court-martial, but convicted of the lesser-included charge of obstruction of justice. None of the offenses alleged in the instant court-martial were previously charged.

39, p. 3.)

Erickson fails to establish either cause or prejudice. Erickson does not assert any evidence or legal authority from which this Court could conclude that counsel was ineffective or that Erickson had a valid double jeopardy claim. That his present convictions may be based on facts which were at issue in a prior prosecution on different charges is insufficient to establish a double jeopardy claim. *See Lemke v. Ryan*, 719 F.3d 1093, 1099–1104 (9th Cir. 2013).

**CONCLUSION**

In sum, because the military courts fully and fairly considered Erickson's ineffective assistance of counsel claim and because Erickson failed to raise his double jeopardy claim before the military courts, this Court lacks jurisdiction to review those claims. The Court has reviewed Erickson's challenge to the military courts' jurisdiction and concluded it is without merit.

THEREFORE, IT IS ORDERED

1. Petitioner's Objection (Doc. 29) is OVERRULED;
2. the Report and Recommendation (Doc. 26) is ACCEPTED and ADOPTED on the grounds stated in this Order;
3. The Petition for Writ of Habeas Corpus (Doc. 1) is DISMISSED.
4. The Clerk of Court shall enter judgment accordingly and close its file in this case.

Dated this 30th day of April, 2019.

Honorable Jennifer G. Zipps
United States District Judge